IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY B. ZENON,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **DOVER DOWNS, INC.,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Cindy B. Zenon (hereinafter "Ms. Zenon" or "Plaintiff") is a resident of the State of Delaware residing at 135 Saxton Road, Dover, Delaware, 19901.

2. Defendant Dover Downs, Inc., (hereinafter "Dover Downs" or "Defendant") is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Ms. Zenon brings this action under the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* (hereinafter "the ADEA") and 19 *Del. C.* § 711 to redress the wrongs done to her by Defendant's discrimination against her on the basis of her age.

4. Dover Downs is an employer within the State of Delaware and within the jurisdictional coverage of the ADEA and 19 *Del. C.* § 711.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §621, *et seq.*, 28 U.S.C. § 1343 and by 19 *Del. C.* § 711.

6. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7. Dover Downs is liable for the actions of its agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior,* and pursuant to the ratification of its agents' actions by Dover Downs.

8. Ms. Zenon timely submitted a complaint of discrimination on the basis of age to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

9. Ms. Zenon has received Notices of Right to Sue for the above-referenced charge from the EEOC and the DDOL.

10. Ms. Zenon has timely filed this Complaint within ninety (90) days of her receipt of the Notice of Right to Sue from the EEOC and the DDOL.

11. At all times relevant to this Complaint, Ms. Zenon was over forty (40) years of age, having been born on May 16, 1962. At the time of her termination, Ms. Zenon was 57 years old.

12. Ms. Zenon was initially hired by Dover Downs in July 2003 as a Server. Over the course of Ms. Zenon's employment, she was afforded more and more responsibilities and job duties, eventually being promoted to Bartender.

13. At all times relevant herein, Ms. Zenon was employed by Dover Downs as a Bartender working in Michele's Steakhouse and as VIP Lounge Bartender.

14. At all times relevant to this Complaint, Ms. Zenon was qualified for her job position and satisfactorily performed all job duties of her job position.

15. Ms. Zenon had an exemplary employment record during her 16 years of employment at Dover Downs.

16. On November 21, 2019, Ms. Zenon served an alcoholic beverage to a regular, well-known, customer.

17. On this date, the customer informed Ms. Zenon he was irritated with the service he had previously received from another Bartender a few weeks prior.

18. After apologizing for the service during the customer's previous visit, Ms. Zenon continued to serve the customer for approximately two hours, engaging in pleasant conversation discussing fine dining, hotel experiences, and sports.

19. On November 30, 2019, Ms. Zenon was informed that the customer she served on November 21, 2019, had complained to the leadership of Dover Downs regarding her service and demeanor.

20. On December 6, 2019, Dover Downs terminated Ms. Zenon's employment allegedly due to the customer's complaint regarding her service on November 21, 2019.

21. A few months prior to Ms. Zenon's termination, Dover Downs transferred a Bartender, previously working at another restaurant in the facility to serve as a "fill-in" at Michele's Steakhouse and the VIP Lounge Bar.

22. The "fill-in" Bartender, Mr. Timothy Draine, was the Bartender who allegedly provided the poor service complained of to Ms. Zenon on November 21, 2019, by the customer who then allegedly complained to Dover Downs about Ms. Zenon's service.

23. After Ms. Zenon's termination, Mr. Draine, was transferred from the "fill-in" position, and took over Ms. Zenon's shifts, and was promoted to her former position of 11 years, VIP Lounge Bartender.

24. Upon information and belief, Mr. Draine was approximately 23 years old at the time of Ms. Zenon's termination.

25. Dover Downs' termination of Ms. Zenon was wrongful and discriminatory against Plaintiff on the basis of age. Ms. Zenon and Mr. Draine were similarly situated employees and both had been allegedly reported for similar conduct by the same customer. The only difference between them was Ms. Zenon's

4

age which Dover Downs viewed as rendering Ms. Zenon less desirable as a Bartender. Further, Ms. Zenon's age was the motivating factor for her termination by Dover Downs. But for Ms. Zenon's age, she would not have been terminated.

26. The reason provided by Dover Downs for Ms. Zenon's termination was pretextual and intended to mask the true reasons for Dover Down's action, *i.e.*, discrimination against Ms. Zenon on the basis of her age.

27. The wrongful acts committed by Dover Downs and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

28. As a direct result of the actions of Dover Downs, Ms. Zenon has suffered damage, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I - ADEA

29. Ms. Zenon restates and hereby incorporates by reference paragraphs 1 through 28 hereinabove.

30. Dover Downs terminated Ms. Zenon on the basis of her age in violation of ADEA, and 29 U.S.C. §621 *et seq*.

31. As a direct result of the discriminatory conduct of Dover Downs and its agents, Ms. Zenon suffered lost wages, loss of employment benefits, emotional distress, and humiliation and related damages.

WHEREFORE, Ms. Zenon demands judgment against Dover Downs for:

(a) Any and all damages available pursuant to 29 U.S.C. §621 *et seq.* Including, but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, and any other available pecuniary damages.

(b) Compensatory damages, including damages for emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(c) Pre-judgment and post-judgment interest;

(d) Attorney's fees and costs;

(e) Any other relief, whether legal or equitable, that the Court deems just and appropriate.

## COUNT II – 19 DEL. C. § 711

32. Ms. Zenon restates and hereby incorporates by reference paragraphs 1 through 31 hereinabove.

33. Dover Downs terminated Ms. Zenon on the basis of her age in violation of 19 *Del. C.* § 711.

34. As a direct result of the discriminatory conduct of Dover Downs and its agents, Ms. Zenon suffered lost wages, loss of employment benefits, emotional distress, and humiliation and related damages.

WHEREFORE, Ms. Zenon demands judgment against Dover Downs for:

(a) Any and all damages available pursuant to 19 *Del. C.* § 711. Including, but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, and any other available pecuniary damages.

(b) Compensatory damages, including damages for emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(c) Pre-judgment and post-judgment interest;

(d) Attorney's fees and costs;

(e) Any other relief, whether legal or equitable, that the Court deems just and appropriate.

**SIGNATURE BLOCK ON NEXT PAGE**

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. LOUDER, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 8/20/2021