**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CINDY B. ZENON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1194-RGA |
| | ) |
| DOVER DOWNS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

As and for its answer to the complaint ("Complaint") filed by Cindy B. Zenon ("Plaintiff"), defendant Dover Downs, Inc. ("Defendant"), by and through counsel, responds as follows:

1. Upon information and belief, admitted.

2. Admitted.

3. The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

4. The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

5. The allegations set forth a conclusion of law to which no responsive pleading is required. Jurisdiction is not disputed.

6. The allegations set forth a conclusion of law to which no responsive pleading is required. Venue is not disputed.

7. The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

8. Denied, except upon information and belief, Plaintiff filed a Charge of Discrimination with the EEOC and Delaware Department of Labor, and the Charge of Discrimination speaks for itself.

9. Defendant is without sufficient information to respond to the allegations concerning Plaintiff's receipt of a Notice of Right to Sue. Admitted that DDOL and EEOC issued a Notice of Right to Sue.

10. The paragraph sets forth a legal conclusion as to which no response is required. Admitted only that Plaintiff filed a complaint in this action on August 20, 2021 according to the Court's docket.

11. Denied, except upon information and belief Plaintiff's date of birth is May 16, 1962.

12. Denied. By way of further answer, Plaintiff was hired a customer service representative in January of 2009 and was transferred to the position of bartender in October of 2009.

13. Denied, except admitted Plaintiff was employed as a bartender in Michele's Steakhouse and worked as a VIP Lounge Bartender on an as needed basis from October of 2009 until she was terminated on December 6, 2019.

14. Denied.

15. Denied.

16. Defendant is without sufficient information to admit or deny the allegations set forth in the paragraph.

17. Defendant is without sufficient information to admit or deny the allegations set forth in the paragraph.

18.     Defendant is without sufficient information to admit or deny the allegations set forth in the paragraph.

19.     Denied, except admitted that Plaintiff was advised that a customer named Brad complained that Plaintiff spent thirty minutes complaining to him and his wife about co-workers and management, and they were dissatisfied with Plaintiff's poor customer service, negative comments, and unprofessional remarks.

20.     Denied, except admitted Plaintiff was terminated on December 6, 2019 due to the customer's complaint of her poor customer service, negative comments, and unprofessional remarks on November 21, 2019.  By way of further answer, Plaintiff was advised that pursuant to 6.01 of the Employee Handbook, Plaintiff's conduct constituted rudeness, discourtesy and unprofessional behavior towards co-workers or customers and violated Defendant's Company policy or Code of Business Conduct.

21.     Denied, except admitted that Timothy Draine was dual rated as a Bartender in Michele's Steakhouse on September 4, 2019, so if that there was a need for him to work at Michele's Steakhouse he could be assigned to work there.

22.     Denied.  By way of further answer, upon information and belief, Timothy Draine did not work on November 21, 2019.

23.     Denied.  By way of further answer, there were four bartenders (who were over and under the age of 40) employed with Defendant who were assigned to Michele's Steakhouse.  When Plaintiff was terminated, her position was not replaced.  By way of further response, Timothy Draine was dual rated into the VIP Lounge on January 8, 2020 in case he needed to be assigned to work there.

24.     Denied, except admitted upon information and belief that Timothy Draine was age 23 in December of 2019.

25.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied

26.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

27.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

28.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

**Count I**

29.     The prior responses are incorporated by reference as if set forth fully herein.

30.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

31.     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

        (a)     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

        (b)     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

        (c)     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

        (d)     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

        (e)     The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

13149431

## Count II

32. The prior responses are incorporated by reference as if set forth fully herein.

33. The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

34. The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

> (a) The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.
>
> (b) The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.
>
> (c) The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.
>
> (d) The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.
>
> (e) The paragraph sets forth a legal conclusion as to which no response is required. To the extent a response is required, denied.

## ADDITIONAL DEFENSES

**(Without assuming the burden of proof except as required by law, and without waiver of the right to plead defenses in the alternative)**

### OBJECTION TO JURY DEMAND

Defendant objects to a trial by jury on all other issues as to which a jury is not permitted as of right as a matter of law.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facie* case of age discrimination.

**THIRD ADDITIONAL DEFENSE**

Punitive damages are not available against the Defendant on the theory of vicarious responsibility.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff may have failed to mitigate the purported damages.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff cannot prove pretext.

**SIXTH ADDITIONAL DEFENSE**

The Defendant at all times relevant to the allegations in the Complaint complied with all applicable standards, policies and federal, state, and other regulations and laws.

**SEVENTH ADDITIONAL DEFENSE**

The Defendant can articulate legitimate non-discriminatory reasons for its actions.

**EIGHTH ADDITIONAL DEFENSE**

The claims for punitive damages are barred by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America and of the Constitution of the State of Delaware.

**NINTH ADDITIONAL DEFENSE**

A superseding, independent or intervening cause resulted in Plaintiff's alleged injuries.

**TENTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages were not foreseeable.

## ELEVENTH ADDITIONAL DEFENSE

Defendant is not vicariously liable for the alleged misconduct.

## TWELFTH ADDITIONAL DEFENSE

The Complaint fails to specify any willful or wanton conduct on the part of the Defendant, and therefore, all claims for and references to the recovery of punitive damages in the Complaint must be stricken.

## THIRTEENTH ADDITIONAL DEFENSE

Defendant acted in good faith.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are not actionable because Defendant's conduct with respect to Plaintiff and the reasons therefore were in all cases legitimate and non-discriminatory and unrelated to age or any other protected characteristic.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff is not entitled to the relief sought in the Prayer for Relief, either as a matter of fact, law, or both, as applicable to each relief requested.

## SIXTEENTH ADDITIONAL DEFENSE

The claims are barred by the public duty doctrine.

## SEVENTEENTH ADDITIONAL DEFENSE

Defendant's conduct did not cause the alleged damages.

## EIGHTEENTH ADDITIONAL DEFENSE

Defendant did not act with deliberate indifference.

**NINETEENTH ADDITIONAL DEFENSE**

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for its conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional and/or legally prohibited discrimination.

**TWENTIETH ADDITIONAL DEFENSE**

Plaintiff's claims are not actionable because Defendant would have taken the same actions in the absence of any unlawful motivating factor.

**TWENTY-FIRST ADDITIONAL DEFENSE**

Plaintiff is not entitled to have a jury decide all of the claims for damages sought in her Complaint.

**TWENTY-SECOND ADDITIONAL DEFENSE**

Defendant reserves the right to assert that some or all of Plaintiff's claims are not actionable because Plaintiff failed to exhaust her administrative remedies or statutory prerequisites and/or failed to file a timely charge of discrimination or complaint with the appropriate administrative agency and/or because Plaintiff's claims were not investigated or considered by the administrative agency.

**TWENTY-THIRD ADDITIONAL DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

Defendant treated Plaintiff the same as it treated younger employees and/or any alleged disparate treatment is justified by factors other than age and/or any other protected category or activity.

13149431

### TWENTY-FIFTH ADDITIONAL DEFENSE

Defendant is not liable for the statements and conduct of employees where such statements or conduct were outside the course and scope of the employee's employment by Defendant.

### TWENTY-SIXTH ADDITIONAL DEFENSE

Plaintiff suffered no tangible adverse employment action related in any way to Plaintiff's age or any other protected category or activity.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

Plaintiff has suffered no damages as a result of any alleged wrongful conduct of the Defendant.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

Plaintiff has failed to take appropriate and necessary steps to mitigate her damages, if any; in the alternative, if necessary, Defendant is entitled to a reduction or offset in damages, if found liable, with respect to sums which Plaintiff earned or could have earned had she exercised reasonable diligence to mitigate her damages.

### TWENTY-NINTH ADDITIONAL DEFENSE

If Defendant is found responsible or liable for any of the damages allegedly sustained by Plaintiff, that such damages should be offset and Defendant credited for any benefits received by Plaintiff and/or monies paid to Plaintiff, which originated from or were provided by Defendant.

### THIRTIETH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the court.

**THIRTY-FIRST ADDITIONAL DEFENSE**

Plaintiff is not entitled to exemplary or punitive damages; in the alternative, if Defendant is found liable and exemplary or punitive damages are awarded, Defendant pleas all maximum statutory caps under Federal and/or state law.

**THIRTY-SECOND ADDITIONAL DEFENSE**

Claims for punitive or exemplary damages are barred to the extent that the imposition of punitive or exemplary damages would constitute a denial of due process under the United States Constitution or the Delaware Constitution.

**THIRTY-THIRD ADDITIONAL DEFENSE**

Defendant cannot be liable for punitive or exemplary damages because it has not willfully engaged in any discriminatory practices with malice or with reckless indifference, and has not engaged in unlawful intentional discrimination.

**THIRTY-FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was terminable at-will.

**THIRTY-FIFTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies related to any claims asserted by her.

**THIRTY-SIXTH ADDITIONAL DEFENSE**

Defendant cannot be liable for liquidated damages because Defendant did not engage in willful conduct.

### THIRTY-SEVENTH ADDITIONAL DEFENSE

Punitive damages and compensatory damages for emotional distress are not available under the ADEA.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

Defendant is entitled to a set-off for any payments made to or on behalf of Plaintiff by any collateral source.

### THIRTY-NINTH ADDITIONAL DEFENSE

The statute of limitations bars certain claims.

### FORTIETH ADDITIONAL DEFENSE

Plaintiff's claim fails to establish a *prima facia* case of discrimination on the basis of any protected category.

### FORTY-FIRST ADDITIONAL DEFENSE

Not all claims were asserted via a timely charge, and are thus barred by the statute of limitations or a failure to exhaust administrative remedies.

### FORTY-SECOND ADDITIONAL DEFENSE

Plaintiff's claims fail for a lack of direct or indirect evidence.

### FORTY-THIRD ADDITIONAL DEFENSE

Plaintiff's claims fail for a lack of an inference of discriminatory or otherwise unlawful motive.

### FORTY-FOURTH ADDITIONAL DEFENSE

Plaintiff cannot establish an unlawful motivation.

### FORTY-FIFTH ADDITIONAL DEFENSE

The Court lacks jurisdiction to award the requested relief.

13149431

### FORTY-SIXTH ADDITIONAL DEFENSE

Plaintiff cannot demonstrate that a, or the, cause of her alleged adverse action was an unlawful employment practice.

### FORTY-SEVENTH ADDITIONAL DEFENSE

Plaintiff cannot demonstrate her protected status was a substantial or substantial motivating factor in her termination.

### FORTY-EIGHTH ADDITIONAL DEFENSE

The charge of discrimination that gives rise to this action may not address all adverse employment action and discriminatory acts alleged in this action, and may not have been filed timely.

### FORTY-NINTH ADDITIONAL DEFENSE

Plaintiff's claims to relief for pain, suffering, humiliation, embarrassment, physical, reputation, anguish and other personal injuries are barred, in whole or in part, by the Delaware Worker's Compensation Act codified at 19 *Del. C.* § 2301, *et seq.*

### FIFTIETH ADDITIONAL DEFENSE

Recovery for front and back pay may be barred by the after-acquired evidence doctrine pursuant to *McKennon v. Nashville Banner*, 513 U.S. 352 (1994).

### FIFTY-FIRST ADDITIONAL DEFENSE

Plaintiff cannot demonstrate that a, or the, cause (primary, in part, or in whole) of her termination was an unlawful employment practice or unlawful motive.

### FIFTY-SECOND ADDITIONAL DEFENSE

Caps on damages afforded by statute limit Plaintiff's claims for relief.

## FIFTY-THIRD ADDITIONAL DEFENSE

Plaintiff's claims fail for a lack of an inference of discriminatory or otherwise unlawful motive.

## FIFTY-FOURTH ADDITIONAL DEFENSE

Plaintiff cannot establish an unlawful motivation.

## FIFTY-FIFTH ADDITIONAL DEFENSE

Plaintiff cannot demonstrate that a, or the, or a substantial motivating, or a but-for, cause of her alleged adverse action was an unlawful employment practice.

## FIFTY-SIXTH ADDITIONAL DEFENSE

Plaintiff cannot demonstrate her protected status was a factor in any employment action.

## FIFTY-SEVENTH ADDITIONAL DEFENSE

Defendant has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful practices by employees in accordance with legal requirements.

## FIFTY-EIGHTH ADDITIONAL DEFENSE

Defendant did not act with malice.

## FIFTY-NINTH ADDITIONAL DEFENSE

There was no disparate impact on a protected class, or intentional discrimination.

## SIXTIETH ADDITIONAL DEFENSE

There is no extreme or outrageous conduct.

## SIXTY-FIRST ADDITIONAL DEFENSE

The Defendants at all times relevant to the allegations in the Complaint complied with all applicable standards, policies and federal, state, and other regulations and laws.

## SIXTY-SECOND ADDITIONAL DEFENSE

Plaintiff's alleged damages were not foreseeable.

## SIXTY-THIRD ADDITIONAL DEFENSE

Plaintiff's claims fail for a lack of direct or indirect evidence.

## SIXTY-FOURTH ADDITIONAL DEFENSE

Defendant did not act with sufficient scienter for liability to attach.

## SIXTY-FIFTH ADDITIONAL DEFENSE

Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

**MORRIS JAMES LLP**

 */s/ Allyson M. Britton*
James H. McMackin, III (#4284)
Allyson M. Britton (#4830)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
(302) 888-6800
jmcmackin@morrisjames.com
abritton@morrisjames.com

*Attorneys for Defendant Dover Downs, Inc.*

Dated:  October 25, 2021

13149431