IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY B. ZENON,<br><br>Plaintiff,<br><br>v.<br><br>DOVER DOWNS, INC.,<br><br>Defendant. | Civil Action No. 21-1194-RGA |

## MEMORANDUM OPINION

William D. Fletcher, Jr., SCHMITTINGER & RODRIGUEZ, P.A., Dover, DE.
    Attorney for Plaintiff.

James H. McMackin, III, MORRIS JAMES LLP, Wilmington, DE.
    Attorney for Defendant.

June 26, 2022

*/s/ Richard G. Andrews*
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

On August 20, 2021, Plaintiff, Cindy Zenon, brought claims of employment discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, and the analogous Delaware state statute, 19 *Del. C.* § 711, against her former employer, Dover Downs. (D.I. 1 ¶¶ 29-34). Defendant filed its Answer on October 25, 2021, asserting 65 defenses. (D.I. 10).[1] Defendant's Answer made no mention of the parties' arbitration agreement. (*Id.*). On January 26, 2022, Defendant filed a motion to compel arbitration and dismiss Plaintiff's claims. (D.I. 20). That motion is before me now. I have considered the parties' briefing. (D.I. 21, 23, 25).

## I.  Background

On February 3, 2009, shortly after she was hired by Defendant, Plaintiff signed a five-page "Employment Disputes Resolution Agreement" ("the Arbitration Agreement"). (D.I. 21-1). The Arbitration Agreement requires that "any dispute that may arise out of [Plaintiff's] employment," including "any claims relating to discrimination, including those based on … age …," be submitted to binding arbitration. (*Id.* at 2, 4). The Arbitration Agreement includes a delegation clause stating, "Claims relating to the enforceability of this Agreement shall also be subject to arbitration and the arbitrator shall be instructed to sever from this Agreement any provisions which the arbitrator deems legally unenforceable." (*Id.* at 4).

Plaintiff argues the Arbitration Agreement is unconscionable, and therefore unenforceable, because (1) it eliminates an employee's right to recover punitive damages, and (2) it requires that the non-prevailing party pay attorneys' fees and costs of the prevailing party. (D.I. 23 at 4-12 (citing

---

[1]  The 23rd defense is, "Some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner." The 39th defense is, "The statute of limitations bars certain claims." The 41st defense is, "Not all claims were asserted via a timely charge, and are thus barred by the statute of limitations or a failure to exhaust administrative remedies." Readers can be their own judges about such pleading.

D.I. 21-1 subsections (d), (g))). Defendant responds that the suit should nevertheless be dismissed and submitted for arbitration, because, under the terms of the Arbitration Agreement, questions of unconscionability and enforceability are subject to arbitration. (D.I. 25 at 4-6).

## II. Analysis

As a threshold matter, I note that, although Defendant preemptively addresses waiver of its contractual right to compel arbitration in its opening brief, Plaintiff does not make a waiver argument in her answering brief. (D.I. 21 at 7-8; D.I. 23). Thus, normally, I would not address waiver because it has not been raised by Plaintiff. I note, however, that Defendant's preemptive argument regarding waiver – and presumably Plaintiff's decision not to raise a waiver argument – relies on the Third Circuit's *Hoxworth* test for assessing whether sufficient prejudice exists to support a finding of waiver. (D.I. 21 at 7 (citing *Hoxworth v. Blinder, Robinson, & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992) ("prejudice is the touchstone for determining whether the right to arbitrate has been waived"))). Since the parties filed their briefs, the continued viability of the *Hoxworth* test has been called into question by the Supreme Court's recent holding in *Morgan v. Sundance, Inc.* that a court may not impose a more exacting standard for waiver of the right to enforce an arbitration agreement than it imposes for waiver of any other contractual right. 142 S. Ct. 1708 (May 23, 2022). The Court explained, "the usual federal rule of waiver does not include a prejudice requirement," and therefore, "Section 6 [of the FAA] instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA." *Id.* at 1714.

Nevertheless, I do not think Defendant has waived its right to enforce the parties' arbitration agreement here. The Court explains in *Sundance* that a proper waiver inquiry should focus on the defendant's conduct; specifically, "Did [the defendant] . . . knowingly relinquish the

3

right to arbitrate by acting inconsistently with that right?" *Id.* In *Sundance*, where the Supreme Court vacated and remanded the Court of Appeal's reversal of the district court's finding of waiver, the defendant (1) filed a motion to dismiss the suit against it on other grounds, (2) filed an answer asserting 14 affirmative defenses (none mentioning the arbitration agreement), (3) participated in mediation proceedings, and (4) waited eight months after the suit's filing before moving to compel arbitration. *Id.* at 2-3. Here, by contrast, although Defendant's Answer does not mention the Arbitration Agreement, Defendant's motion to compel arbitration is its first substantive motion in this case, and the motion was filed within six months of the initial filing of this suit. Other than "Initial Disclosures" (D.I. 16), Defendant has served no discovery. I do not think that Defendant's actions evince an intent to "knowingly relinquish the right to arbitrate by acting inconsistently with that right." *Id.* at 7; *see Weyerhaeuser Co. v. Domtar Co.*, 204 F. Supp. 3d 731, 737 (D. Del. Aug. 31, 2016) ("an affirmative defense should be asserted in the appropriate responsive pleading," but "the failure to do so does not automatically result in waiver," and, "a defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond") (cleaned up).

Next, I turn to the issue of unconscionability and enforceability. Plaintiff argues that, although a party to a valid and enforceable arbitration agreement is entitled to an order compelling arbitration, before granting such an order, a court must first decide the threshold issue of the agreement's enforceability, and a court may find an agreement unenforceable on the basis of unconscionability. (D.I. 23 at 3 (citing *Alexander v. Anthony Int'l, L.P.*, 341 F. 3d 256, 264 (3d Cir. 2003); *Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 276 (3d Cir. 2004))). Defendant responds that, where an arbitration agreement has a delegation provision delegating decisions on enforceability to an arbitrator, for a court to reach the question of the arbitration agreement's

enforceability, the party opposing arbitration must specifically challenge the enforceability of the agreement's delegation clause. (D.I. 25 at 4 (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010))).

The facts in *Rent-A-Center* are closely analogous to the facts here. There, the district court granted Rent-A-Center's motion to dismiss the proceedings and compel arbitration because the agreement had a delegation clause giving the arbitrator "exclusive authority to decide whether the Agreement [was] enforceable," and the plaintiff challenged the validity of the agreement as a whole, rather than the enforceability of the delegation clause specifically. *Id.* at 66. The Court of Appeals reversed in part, finding the district court, rather than the arbitrator, should have decided the issue of the agreement's enforceability. *Id.* at 66-67. The Supreme Court reversed, holding that, because the plaintiff "challenged only the validity of the contract as a whole," and, "Nowhere in his opposition to Rent-A-Center's motion to compel arbitration did he even mention the delegation provision," the threshold issue of enforceability was for the arbitrator to decide. *Id.* at 71-72.

The Third Circuit has since relied on *Rent-A-Center* to hold, "A court cannot reach the question of the arbitration agreement's enforceability unless a party challenged the delegation clause...," and, "A party contesting the enforceability of a delegation clause must challenge the delegation provision specifically." *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 226 (3d Cir. 2018) (cleaned up). "[C]ontesting the validity of an arbitration agreement as a whole, without specifically disputing the delegation clause contained therein, is not sufficient to challenge the delegation provision." *Id.* at 227 "Without a specific challenge to a delegation provision, the court must treat that provision as valid and enforce it according to FAA § 4." *Id.*

Here, Plaintiff's unconscionability challenge is directed solely toward two provisions of the Arbitration Agreement, subsections (d) and (g). Plaintiff neither challenges nor mentions the

enforceability of the delegation provision, subsection (j), as required to avoid its enforcement. Therefore, the question of the Arbitration Agreement's unconscionability is for the arbitrator to decide.

Defendant's motion to compel arbitration is GRANTED. At this time, Defendant's motion to dismiss is DENIED, because the disposition of this case depends on the arbitrator's decision regarding the enforceability of the Arbitration Agreement. Therefore, this Court will retain jurisdiction and stay this case pending the outcome of arbitration. The parties should submit a status update on the progress of the arbitration no later than six months from the date of this opinion.

An appropriate order will issue.